## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CVS CORPORATION,                        )
                                        )   C.A. No. 06-775 GMS
                    Plaintiff,          )
                                        )
        v.                              )
                                        )   JURY TRIAL DEMANDED
RONALD A. KATZ TECHNOLOGY               )
LICENSING, L.P.,                        )
                                        )
                    Defendant.          )
                                        )

## CVS CORPORATION'S REPLY TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COUNTERCLAIMS AND ADDITIONAL COUNTERCLAIMS FILED BY CVS CORPORATION AGAINST RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

Plaintiff CVS Corporation ("CVS") hereby sets forth its Reply to the Counterclaims filed by Defendant Ronald A. Katz Technology Licensing ("RAKTL") on February 15, 2007 (D.I. No. 13)("RAKTL's Answer") as follows:

### NATURE AND BASIS OF PURPORTED ACTION

1.      CVS admits that RAKTL purports to bring this action under 35 U.S.C. § 1, *et seq.*

### THE PARTIES

2.      According to RAKTL's Answer, RAKTL is a limited partnership organized under the laws of the State of California with a principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

3.      CVS admits that it is a corporation organized under the laws of the State of Delaware and has a principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

### JURISDICTION AND VENUE

4.      CVS admits that this Court has subject matter jurisdiction over this action.

5.    CVS admits that this Court has personal jurisdiction over CVS.  CVS admits that it is a Delaware Corporation and has a registered agent in Delaware.  Except as expressly admitted, CVS denies the averments in Paragraph 5.

6.    CVS admits that venue is proper in this judicial district.

## BACKGROUND

7.    CVS admits that Ronald A. Katz purports to be the founder of RAKTL.  CVS admits that Ronald A. Katz purports to be the sole inventor of each of the Patents-in-suit.[1]  CVS admits that, upon information and belief, millions of people over the last forty-plus years have used technology that Ronald A. Katz purports to have invented approximately in the last twenty-two years.  Except as expressly admitted, CVS denies the averments in Paragraph 7.

8.    CVS lacks information or belief to answer the averments made in Paragraph 8, and on that basis denies them.

9.    CVS lacks information or belief to answer the averments made in Paragraph 9, and on that basis denies them.

10.    CVS lacks information or belief to answer the averments made in Paragraph 10, and on that basis denies them.

11.    CVS admits that on its face the '968 patent lists December 20, 1988 as the date of issue.  CVS admits that Ronald A. Katz purports that the U.S. Patent and Trademark Office ("USPTO") has issued more than fifty patents to Ronald A. Katz.  Except as expressly admitted, CVS denies the averments in Paragraph 11.

12.    CVS lacks information or belief to answer the averments made in Paragraph 12, and on that basis denies them.

---

[1] The Patents-in-suit include U.S. Pat. Nos. 4,792,968 ("the '968 patent"), 4,930,150 ("the '150 patent"), 5,128,984 ("the '984 patent"), 5,251,252 ("the '252 patent"), 5,255,309 ("the '309 patent"), 5,351,285 ("the '285 patent"), 5,561,707 ("the '707 patent"); 5,684,863 ("the '863 patent); 5,787,156 ("the '156 patent"), 5,815,551 ("the '551 patent"), 5,828,734 ("the '734 patent"), 5,898,762 ("the '762 patent"), 5,917,893 ("the '893 patent"), 5,974,120 ("the '120 patent"); 6,035,021 ("the '021 patent"), 6,148,065 ("the '065 patent"); 6,335,965 ("the '965 patent"); 6,349,134 ("the '134 patent"), 6,424,703 ("the '703 patent"), 6,434,223 ("the '223 patent"), 6,512,415 ("the '415 patent"), 6,678,360 ("the '360 patent").

13.    CVS lacks information or belief to answer the averments made in Paragraph 13, and on that basis denies them.

14.    CVS lacks information or belief to answer the averments made in Paragraph 14, and on that basis denies them.

15.    CVS lacks information or belief to answer the averments made in Paragraph 15, and on that basis denies them.

16.    CVS lacks information or belief to answer the averments made in Paragraph 16, and on that basis denies them.

17.    CVS lacks information or belief to answer the averments made in Paragraph 17, and on that basis denies them.

18.    Upon information and belief, CVS denies that "each of the defendants" in this case (i.e., RAKTL) employs the purported inventions of certain of the Patents-in-suit. Upon information and belief, CVS also denies that RAKTL, through its licensing arm A2D, L.P., has attempted to engage "each defendant" (i.e., RAKTL) in licensing negotiations. CVS admits that it has, through its representatives, had conversations with attorneys purporting to represent A2D, L.P. regarding licensing the Patents-in-suit. CVS admits that it has not obtained a license to any of the Patents-in-suit. Except as explicitly admitted, CVS denies the averments in Paragraph 18.

## THE ASSERTED PATENTS

19.    CVS admits that the '968 patent is entitled "Statistical Analysis System For Use With Public Communication Facility" and on its face lists Ronald A. Katz as an inventor and December 20, 1988 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 19 of RAKTL's Answer.

20.    CVS admits that the '150 patent is entitled "Telephonic Interface Control System" and on its face lists Ronald A. Katz as an inventor and May 29, 1990 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 20 of RAKTL's Answer.

21.    CVS admits that the '984 patent is entitled "Telephone Interface Call Processing System with Call Selectivity" and on its face lists Ronald A. Katz as an inventor and July 7, 1992. Except as expressly admitted, CVS denies the averments in Paragraph 21 of RAKTL's Answer.

22.    CVS admits that the '252 patent is entitled "Telephone Interface Call Processing System with Call Selectivity" and on its face lists Ronald A. Katz as an inventor and October 5, 1993 as the issue date. Except as expressly admitted, CVS denies the averments in Paragraph 22.

23.    CVS admits that the '309 patent is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as an inventor and October 19, 1993 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 23 of RAKTL's Answer.

24.    CVS admits that the '285 patent is entitled "Multiple Format Telephonic Interface Control System" and on its face lists Ronald A. Katz as an inventor and September 27, 1994 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 24 of RAKTL's Answer.

25.    CVS admits that the '707 patent is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as an inventor and October 1, 1996 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 25 of RAKTL's Answer.

26.    CVS admits that the '863 patent is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as an inventor and November 4, 1997 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 26 of RAKTL's Answer.

27.    CVS admits that the '156 patent is entitled "Telephonic-Interface Lottery System" and on its face lists Ronald A. Katz as an inventor and July 28, 1998 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 27 of RAKTL's Answer.

28.     CVS admits that the '551 patent is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as an inventor and September 29, 1998 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 28 of RAKTL's Answer.

29.     CVS admits that the '734 patent is entitled "Telephone Interface Call Processing System With Call Selectivity" and on its face lists Ronald A. Katz as an inventor and October 27, 1998 as the issue date. Except as expressly admitted, CVS denies the averments in Paragraph 29 of RAKTL's Answer.

30.     CVS admits that the '762 patent is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as an inventor and April 27, 1999 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 30 of RAKTL's Answer.

31.     CVS admits that the '893 patent is entitled "Multiple Format Telephonic Interface Control System" and on its face lists Ronald A. Katz as an inventor and June 29, 1999 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 31 of RAKTL's Answer.

32.     CVS admits that the '120 patent is entitled "Telephone Interface Call Processing System With Call Selectivity" and on its face lists Ronald A. Katz as an inventor and October 26, 1999 as the issue date. Except as expressly admitted, CVS denies the averments in Paragraph 32 of RAKTL's Answer.

33.     CVS admits that U.S. Pat No. 6,044,135 ("the '135 patent") is entitled "Telephonic-Interface Lottery System" and on its face lists Ronald A. Katz as an inventor and March 28, 2000 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 33 of RAKTL's Answer.

34.     CVS admits that the '065 patent is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as an inventor and November 14, 2000 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 34 of RAKTL's Answer.

35.     CVS admits that the '965 patent is entitled "Voice-Data Telephonic Interface Control System" and on its face lists Ronald A. Katz as an inventor and January 1, 2002 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 35 of RAKTL's Answer.

36.     CVS admits that the '134 patent is entitled "Telephonic-Interface Statistical Analysis System," and on its face lists Ronald A. Katz as an inventor and February 19, 2002 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments in Paragraph 36 of RAKTL's Answer.

37.     CVS admits that the '223 patent is entitled "Telephone Interface Call Processing System With Call Selectivity" and on its face lists Ronald A. Katz as an inventor and August 13, 2002 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments made in Paragraph 37 of RAKTL's Answer.

38.     CVS admits that the '360 patent is entitled "Telephonic Interface Statistical Analysis System" and on its face lists Ronald A. Katz as an inventor and January 13, 2004 as the issue date, and that said patent has expired. Except as expressly admitted, CVS denies the averments made in Paragraph 38 of RAKTL's Answer.

## RAKTL ALLEGED FIRST CLAIM

39.     CVS repeats and reincorporates its answers to the averments of Paragraphs 1-38 of RAKTL's Answer as though set forth herein in full.

40.     CVS admits that it, through itself and/or its subsidiaries, operates pharmacies in numerous states throughout the United States.

41.     CVS admits that it operates telephone systems that can be configured to receive incoming telephone calls from customers and physicians. CVS admits that customers can facilitate refill of prescriptions using at least some of the telephone systems operated by CVS. CVS admits that physicians can facilitate authorization of refills using at least some of the telephone systems operated by CVS. CVS denies that its use of its telephone systems is "infringing." CVS is without sufficient information and belief to admit or deny the remaining

averments contained in Paragraph 41 of RAKTL's Answer and, therefore, unless expressly admitted, denies the remainder of Paragraph 41.

42.    CVS lacks information or belief to answer the averments made in Paragraph 42, and on that basis denies them.

43.    CVS denies the averments made in Paragraph 43 of RAKTL's Answer.

44.    CVS denies the averments made in Paragraph 44 of RAKTL's Answer.

45.    CVS denies the averments made in Paragraph 45 of RAKTL's Answer.

46.    CVS denies the averments made in Paragraph 46 of RAKTL's Answer.

## GENERAL DENIAL

Except as expressly admitted, CVS denies each and every averment contained in Paragraphs 1 through 46 of RAKTL's Answer.

## CVS' AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), CVS asserts the following affirmative defenses to RAKTL's Counterclaims in RAKTL's Answer.

### First Defense

CVS does not infringe any valid, enforceable claim of the patents asserted against CVS directly, by inducement, or by contribution.

### Second Defense

The claims of the patents asserted against CVS are invalid for failure to meet one or more requirements of the Patent Act, 35 U.S.C. § 1, *et. seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Defense

One or more of the Patents-in-suit and the '135 patent[2] are unenforceable due to inequitable conduct by RAKTL, A2D, L.P., and/or Ronald A. Katz before the United States Patent and Trademark Office as part of the prosecution of the patents asserted against CVS as described with particularity in Paragraphs 58-239 of CVS' Complaint filed December 19, 2007 (D.I. No. 1). Paragraphs 58-239 of CVS' Complaint (D.I. No. 1) are realleged and reincorporated here by reference as though set forth in full. As the '135 patent purports to claim priority to one or more of the Patents-in-suit described in Paragraphs 58-239 of CVS' Complaint (D.I. No. 1), the '135 patent is unenforceable for at least the reasons stated in Paragraphs 58-239 of CVS' Complaint (D.I. No. 1) that are relevant to the '135 patent.

### Fourth Defense

The claims against CVS are barred, at least in part, pursuant to 35 U.S.C. § 286 for all events occurring more than six years prior to RAKTL's filing of RAKTL'S Answer.

### Fifth Defense

RAKTL's claims for relief are limited, at least in part, by 35 U.S.C. § 287.

### Sixth Defense

RAKTL's claims are barred at least in part because RAKTL, A2D, L.P., and/or Ronald A. Katz has engaged in patent misuse by attempting to enforce the Patents-in-suit against CVS in bad faith.

### Seventh Defense

Prosecution history estoppel applies, at least in part, to preclude RAKTL from maintaining that claims of the patents asserted against CVS cover, either literally or under the doctrine of equivalents, the accused systems operated by CVS.

---

[2] The '135 patent is listed separately from the "Patents-in-suit" because the '135 was not part of CVS' original Complaint.

## Reservation of Rights

CVS reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## Request For Relief

Except as specifically admitted, CVS denies each and every averment contained in Paragraphs 1 through 46 of RAKTL's Answer and denies that Defendant is entitled to any of the relief requested in its Prayer for Relief. CVS respectfully requests that the Court enter judgment in its favor and against RAKTL on all of RAKTL's counterclaims; that the Court find this case exceptional and award CVS its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award such other further relief as the Court deems appropriate.

## CVS' COUNTERCLAIMS AGAINST RAKTL IN RESPONSE TO RAKTL'S COUNTERCLAIMS IN RAKTL'S ANSWER

Pursuant to Federal Rule of Civil Procedure 13, CVS hereby asserts the following counterclaims against RAKTL and avers as follows:

### Nature and Basis of Action

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1, *et seq*. CVS requests declarations that: i) it does not infringe any valid, enforceable claim of U.S. Patent No. 6,044,135 ("the '135 Patent"); ii) the '135 patent asserted against CVS is invalid; and iii) the '135 patent asserted against CVS is unenforceable.

### The Parties, Jurisdiction, and Venue

2.      CVS is a corporation organized under the laws of the State of Delaware and has a principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

3.    According to RAKTL's Answer, RAKTL is a limited partnership organized under the laws of the State of California, with a principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

4.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.    The Court has personal jurisdiction over RATKL by virtue of the fact that RAKTL has submitted to the jurisdiction of this Court by bringing Counterclaims in its Answer to CVS' Complaint.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

### Factual Allegations Common to all Counts

7.    CVS' original Complaint, filed December 19, 2007 (D.I. No. 1) is an action for a declaratory judgment and injunctive relief that twenty-two patents, which are purported to be owned by RAKTL, are invalid, not infringed by CVS, and/or are unenforceable. RAKTL's counterclaims filed in RAKTL's Answer, asserted an additional patent against CVS not found in CVS' original complaint, namely the '135 patent.

8.    Upon information and belief, RATKL purports to be the owner by assignment of the '135 patent asserted against CVS in RAKTL's Answer.

9.    RAKTL has asserted that CVS has directly and contributorily infringed and induced others to infringe one or more claims of the '135 patent asserted against CVS.

10.    CVS has not and does not infringe directly, by inducement, or by contribution, any valid, enforceable claim of the '135 patent asserted against CVS.

11.    Upon information and belief, all claims of the '135 patent asserted against CVS are invalid for failure to meet one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

12.    Upon information and belief, the '135 patent asserted against CVS is unenforceable by the doctrine of prosecution laches due to the unreasonable delay in seeking issuance of the '135 patent asserted against CVS.

13.    Upon information and belief, the '135 patent asserted against CVS is also unenforceable due to the pattern and practice of inequitable conduct committed by RAKTL, Ronald A. Katz, and/or their agents or attorneys (collectively "Katz") before the USPTO as part of the prosecution of the '135 patent asserted against CVS and/or related patents and patent applications thereto as described in paragraphs 58-239 of CVS' Complaint (D.I. No. 1). Paragraphs 58-239 of CVS' Complaint (D.I. No. 1) are realleged and reincorporated here by reference as though set forth in full.  As the '135 patent purports to claim priority to one or more of the Patents-in-suit described in Paragraphs 58-239 of CVS' Complaint (D.I. No. 1), the '135 patent is unenforceable for at least the reasons stated in Paragraphs 58-239 of CVS' Complaint (D.I. No. 1) that are relevant to the '135 patent.

### CVS' Counterclaim I – Noninfringement of the '135 patent

14.    CVS realleges and incorporates the averments of Paragraphs 1-13 of its Counterclaims as though set fourth herein in full.

15.    There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, *et seq.* concerning CVS' non-infringement of the claims of the '135 patent asserted against CVS.

16.    CVS is entitled to a judicial declaration that it has not and does not infringe directly, by inducement, or by contribution, any valid, enforceable claim of the '135 patent asserted against CVS.

### CVS' Counterclaim II – Invalidity of the '135 patent

17.    CVS realleges and incorporates the averments of Paragraphs 1-16 of its Counterclaims as though set forth herein in full.

18.    There is an actual and justiciable controversy between the parties concerning the invalidity of the '135 patent asserted against CVS for failure to meet the requirements of the

Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

19.     CVS is entitled to a judicial declaration and order that the '135 patent asserted against CVS is invalid.

### CVS' Counterclaim III – Unenforceability of the '135 patent

20.     CVS realleges and incorporates the averments of Paragraphs 1-19 of its Counterclaims as though set for herein in full.

21.     There is an actual and justiciable controversy between the parties concerning the unenforceability of the '135 patent asserted against CVS.

22.     Pursuant to Federal Rule of Civil Procedure 10(c), CVS adopts by reference Paragraphs 58-239 of CVS' Complaint (D.I. No. 1).

23.     As set forth above, Katz engaged in a pattern and practice of inequitable conduct throughout the prosecution of the '135 patent asserted against CVS and/or other related patents that infected, either directly or indirectly, the '135 patent asserted against CVS, thereby rendering the '135 patent unenforceable for inequitable conduct.

24.     CVS is therefore entitled to a judicial declaration that the '135 patent asserted against CVS is unenforceable.

### Demand for a Jury Trial

CVS demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), as to all issues that may be tried by a jury.

### Prayer for Relief

WHEREFORE, CVS prays for relief as follows:

(i)     That RAKTL recover nothing and that its Counterclaims be dismissed with prejudice;

(ii)     That the Court deny any injunctive relief in favor of RAKTL and against CVS;

(iii)    That the Court declare that CVS has not and does not directly infringe, induce infringement, or contribute to the infringement of any valid, enforceable claim of the '135 patent asserted against CVS;

(iv)    That the Court declare and order that the '135 patent is invalid;

(v)     That the Court declare and order that the '135 patent is unenforceable;

(vi)    That the Court find this case to be an exceptional case pursuant to Section 285 of the Patent Act and award CVS its reasonable attorneys' fees in this action;

(vii)   That all costs be taxed against RAKTL; and

(viii)  That CVS be granted such other and further relief as the Court deems just and proper.

**CROSS & SIMON, LLC**

_____
Sean T. O'Kelly (No. 4349)
Erica N. Finnegan (No. 3986)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, DE 19801
(302) 777-4200
(302) 777-4224 (facsimile)
*Attorneys for CVS Corporation*

OF COUNSEL:
A. Jason Mirabito
Kyle Turley
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Date:   March 7, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CVS CORPORATION, | ) |
| | ) |
| | )     C.A. No. 06-775 GMS |
| Plaintiff, | ) |
| | ) |
| v. | )     JURY TRIAL DEMANDED |
| | ) |
| RONALD A. KATZ TECHNOLOGY | ) |
| LICENSING, L.P., | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

    I, Sean T. O'Kelly, hereby certify that on March 7, 2007, a true and correct copy

of CVS Corporation's Reply To Ronald A. Katz Technology Licensing, L.P.'s

Counterclaims and Additional Counterclaims Filed by CVS Corporation Against Ronald

A. Katz Technology Licensing, L.P. was served by electronic filing upon all counsel of

record.

                                      **CROSS & SIMON, LLC**

                                      Sean T. O'Kelly (No. 4349)
                                      Erica N. Finnegan (No. 3986)
                                      913 N. Market Street, 11th Floor
                                      P.O. Box 1380
                                      Wilmington, DE 19899-1380
                                      (302) 777-4200
                                      (302) 777-4224 (facsimile)
                                      *Attorneys for CVS Corporation*