IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CVS CORPORATION,                               )
                                               )
      Plaintiff,                          )
                                               )
      v.                                  )    C.A. No. 06-775 GMS
                                               )
RONALD A. KATZ TECHNOLOGY                      )
LICENSING, L.P.                                )    **JURY TRIAL DEMANDED**
                                               )
      Defendant.                          )
                                               )
                                               )

**RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
REPLY TO CVS CORPORATION'S COUNTERCLAIMS**

Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") hereby sets forth its Reply to the Counterclaims filed by CVS Corporation ("CVS") in response to Katz Technology Licensing's Answer and Counterclaims to CVS's Complaint for Declaratory Judgment of Patent Invalidity, Noninfringement and Unenforceability as follows:

**NATURE AND BASIS OF ACTION**

      1.      Katz Technology Licensing: (a) admits that this action arises under 35 U.S.C. § 1, *et seq.*; (b) admits that CVS purports to bring its counterclaims for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 as alleged in Paragraph 1; and (c) denies the viability of plaintiff's request for declaratory judgment. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 1.

**THE PARTIES, JURISDICTION AND VENUE**

      2.      Upon information and belief, Katz Technology Licensing admits that CVS is a Delaware corporation with its offices at One CVS Drive, Woonsocket, Rhode Island 02895, as alleged in Paragraph 2.

3.    Katz Technology Licensing admits that it is a limited partnership organized under the laws of the State of California with principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

4.    Katz Technology Licensing: (a) admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332 and 1338; (b) admits that CVS purports to bring its counterclaims for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 as alleged in Paragraph 4; and (c) denies the viability of plaintiff's request for declaratory judgment.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 4.

5.    Katz Technology Licensing admits that this Court has personal jurisdiction over Katz Technology Licensing in this action.

6.    Katz Technology Licensing admits that venue is proper in this judicial district.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.    Katz Technology Licensing admits that on December 19, 2007, CVS filed a Complaint for Declaratory Judgment of Patent Invalidity, Noninfringement and Unenforceability (D.I. No. 1) with respect to twenty-two patents owned by Katz Technology Licensing.  Katz Technology Licensing further admits that, in its Answer and Counterclaims filed on February 15, 2007 (D.I. No. 13), Katz Technology Licensing alleged that CVS has been and is now infringing, actively inducing the infringement of, or contributing to one or more claims of U.S. Patent No. 6,044,135 ("the '135 patent").  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 7.

8.    Katz Technology Licensing admits that it is the sole holder of the entire right, title, and interest in the '135 patent.

9.    Katz Technology Licensing admits it asserted in its Answer and Counterclaims (D.I. No. 13) that CVS has been and is now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims the '135 patent.

10.    Katz Technology Licensing denies the allegations set forth in Paragraph 10.

11.    Katz Technology Licensing denies the allegations set forth in Paragraph 11.

12.    Katz Technology Licensing denies the allegations set forth in Paragraph 12.

13.    Katz Technology Licensing denies the allegations set forth in the first sentence of Paragraph 13.  In response to the second sentence of Paragraph 13 and pursuant to Federal Rule of Civil Procedure 10(c), Katz Technology Licensing realleges and incorporates by reference Paragraphs 58-239 of its Answer and Counterclaims (D.I. No. 13) as if fully set forth herein.  Katz Technology Licensing admits that the '135 patent claims priority to one or more of certain patents cited in Paragraphs 58-239 of its Answer and Counterclaims (D.I. No. 13).  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 13.

## CVS' Counterclaim I – Alleged Nonfringement of the '135 patent

14.    In response to Paragraph 14, Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 13 of this Reply as if fully set forth herein.

15.    Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and CVS regarding CVS' infringement of the '135 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 15.

16.    Katz Technology Licensing denies the allegations set forth in Paragraph 16.

## CVS' Counterclaim II – Alleged Invalidity of the '135 patent

17.    In response to Paragraph 17, Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 16 of this Reply as if fully set forth herein.

18.    Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and CVS regarding CVS' infringement of

the '135 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 18.

19.     Katz Technology Licensing denies the allegations set forth in Paragraph 19.

### CVS' Counterclaim III – Alleged Unenforecability of the '135 patent

20.     In response to Paragraph 20, Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 19 of this Reply as if fully set forth herein.

21.     Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and CVS regarding CVS' infringement of the '135 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 21.

22.     In response to paragraph 22 and pursuant to Federal Rule of Civil Procedure 10(c), Katz Technology Licensing adopts by reference Paragraphs 58-239 of its Answer (D.I. No. 13).

23.     Katz Technology Licensing denies the allegations set forth in Paragraph 23.

24.     Katz Technology Licensing denies the allegations set forth in Paragraph 24.

### PRAYER FOR RELIEF ON CVS' COUNTERCLAIMS

Katz Technology Licensing respectfully requests that, in response to CVS' Counterclaims, this Court:

1.     Dismiss CVS' Counterclaims with prejudice;

2.     Adjudge that CVS is not entitled to any relief, including any of the relief requested in its prayer for relief; and

3.    Award to Katz Technology Licensing the relief requested in its Answer and Counterclaims and such other relief as the Court may deem appropriate and just under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*

Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200
jheaney@mnat.com
*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

March 30, 2007
780813

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 30, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following Kelly Farnan, Steven J. Balick. Sean T. O'Kelly and Erica N. Finnegan.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on March 30, 2007 upon the following individuals in the manner indicated:

**<u>BY E-MAIL</u>**

Kelly Farnan
Richards Layton & Finger
farnan@rlf.com

Patrick J. Flinn
Alston & Bird LLP
Patrick.flinn@alston.com

Steven J. Balick
Ashby & Geddes
sbalick@ashby-geddes.com

Charles S. Barquist
Morrison & Forester LLP
cbarquist@mofo.com

Sean T. O'Kelly
Erica N. Finnegan
Cross & Simon, LLC
sokelly@crosslaw.com

/s/ Julia Heaney
_____
Julia Heaney (#3052)
jheaney@mnat.com